FILED & JUDGMENT ENTERED
Steven T. Salata

August 29 2018

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
Laura T. Beyer
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| In re:<br><br>**JOHNNY WILSON HAYES,**<br>xxx-xx-7583,<br><br>**SELENA MARTIN HAYES,**<br>xxx-xx-3393,<br><br>Debtor(s). | Case No. 18-50316<br>Chapter 13<br><br>**ORDER GRANTING DEBTORS' MOTIONS**<br>- **TO INCUR DEBT IN RELATION TO APPROVAL OF LOAN MODIFICATION**<br>- **TO AWARD NON-BASE ATTORNEYS' FEES AND COSTS**<br>- **GRANTING OTHER APPROPRIATE RELATED RELIEF** |
|---|---|

THIS CAUSE comes before the Court upon the Motion of the Debtors for the entry of and order approving a loan modification and granting other related relief as set forth herein. The Court as finds as follows:

1. This Chapter 13 bankruptcy was commenced by the filing of the Debtors' Petition on May 23, 2018. Mr. Steven G. Tate is appointed as the Debtors' Chapter 13 Trustee.

2. On or about October 30, 2013, Caldwell Discount Drug Company, Inc., a North Carolina corporation wholly owned by the Debtors, incurred indebtedness to Branch Banking & Trust Company ("BB&T") in the original principal sum of $300,000.00, which indebtedness was personally guaranteed by the Debtors and secured by a pledge of a security interest in the Debtors' residence located at 4597 Hickory Nut Ridge Road, Granite Falls, North Carolina 28630, as evidenced by that certain North Carolina Deed of Trust an Security Agreement recorded in Book 1836, Page 1426 of the Caldwell County Registry. Relevant documents related to the indebtedness, guaranty, and security interest described above are included in the Proof of Claim (the "BB&T Claim") filed by BB&T on June 11, 2018, Court Claim # 7, which documents are incorporated herein by reference. The balance on the BB&T Claim, as of the Petition Date and as reflected by the Proof of Claim was $146,864.49.

3. The Debtors' Plan, as currently proposed, but which has not yet been confirmed by the Court, proposes that payments on the BB&T claim will be maintained directly by the primary obligor, Caldwell Discount Drug Company, Inc., outside of the Chapter 13 plan. No payments on the BB&T Claim are proposed to be made by the Chapter 13 Trustee or by the Debtors directly.

4. The indebtedness evidenced by the BB&T Claim matures by its terms on Caldwell Discount Drug Company, Inc. matures and becomes due and payable in full on August 24, 2018.

5. Caldwell Discount Drug Company, Inc. has negotiated a modification and renewal of the BB&T Claim upon the following terms and conditions:

    a. Maintaining the existing interest rate of BB&T Prime plus 1% (currently 6%);
    b. Extending the maturity date for a period of 24 months from date of closing;
    c. Converting repayment terms from monthly interest only payments to monthly principal and interest payments with $1,240.00 monthly payment based on 180 month amortization;
    d. Charging Caldwell Discount Drug Company, Inc. a .50% renewal fee plus $100 document preparation fee along with any unpaid accrued interest due at closing;
    e. Maintaining the security interest in the Debtors' residence as evidenced by the Deed of Trust.

6. The Debtors are not incurring any new personal liability to BB&T; however, since the BB&T Claim is secured by the Debtors' residence, the Debtors have moved the Court for entry of an order approving and authorizing the loan modification upon the terms described above.

7. The Debtors have further moved the Court for approval allowing future modification of the BB&T Claim upon future maturity occurring during the life of the Debtors' Chapter 13 Plan, without seeking further approval.

8. Jimmy R. Summerlin, Jr., counsel for the Debtors, has requested approval of a non-base attorney fee for services rendered in relation to the Motion in accordance with Local Rule 2016-2(d)(4)(M) of $450.00 plus reimbursement of copy and postage costs of $75.00 for a total of $525.00 to be paid via the Debtors' Plan.

9. The Motion has been duly filed and served as a "no-protest" motion in accordance with the Local Rules of this Court, the time for responses and objections has expired, and no responses or objections have been received or filed with the Court.

Based upon the above findings, the Court concludes that the Motion should be allowed in part and denied in part. Accordingly, it is hereby ORDERED as follows:

1. The Debtors are authorized to enter into and execute such documents as may be necessary to effectuate the terms of the modification and renewal of the BB&T Claim upon the terms as described above.

240671.1

2. The Debtors **are not** authorized to enter into and execute such documents necessary for future modification of the BB&T Claim upon future maturity occurring during the life of the Debtors' Chapter 13 Plan without seeking further approval of the Court.

3. Jimmy R. Summerlin, Jr., counsel for the Debtors, is allowed a non-base attorney fee for services rendered in relation to the Motion in accordance with Local Rule 2016-2(d)(4)(M) of $450.00 plus reimbursement of copy and postage costs of $75.00 for a total of $525.00 to be paid via the Debtors' Plan.

*This Order has been signed electronically.*           *United States Bankruptcy Court*
*The Judge's signature and Court's seal*
*appear at the top of the Order.*