# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

| | |
|---|---|
| **In re:**<br>**JOHNNY WILSON HAYES,**<br>xxx-xx-7583,<br>**SELENA MARTIN HAYES,**<br>xxx-xx-3393<br>            **Debtor(s).** | **Case No. 18-50316**<br>**Chapter 13** |
| **FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION** | |

**TO:   THE CREDITORS AND OTHER PARTIES IN INTEREST**

**PRELIMINARY SUMMARY**

Johnny Wilson Hayes and Selena Martin Hayes (hereinafter collectively referred to as the "Debtor" or "Debtor in Possession") propose the following Chapter 11 Plan of Reorganization (the "Plan") under Chapter 11 of the United States Bankruptcy Code (the "Code") and Rules 3016 of the Federal Rules of Bankruptcy Procedure (the "Rules") to pay its creditors as set forth herein.

This Plan provides for six (6) classes of claims composed five (5) classes of secured claims, one (1) class of general unsecured claims. Creditors holding allowed general unsecured claims will receive distributions totaling **$51,250.00**, in the aggregate. The Plan also provides for the payment of administrative expenses and certain tax priority claims which are not classified as provided in Section 1123(a)(1) of the Code. Definitions of certain terms utilized in this Plan are set forth in Article V, below.

All creditors and equity security holders should refer to Articles I through VIII of this Plan for information regarding the precise treatment of their claim. A Disclosure Statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)

Case 18-50316   Doc 171   Filed 10/17/19   Entered 10/17/19 15:59:56   Desc Main
Document   Page 2 of 12

*In re Johnny Wilson Hayes and Selena Martin Hayes*
WDNC Chapter 11 Bankruptcy Case No. 18-50316
First Amended Plan of Reorganization, Page 2 of 11

## I. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

A.  <u>Unclassified Claims</u>. Under § 1123(a)(1), administrative expense claims and priority tax claims are not in classes and will be treated as follows:

    a.  <u>Administrative Expense Claims</u>

        i.  <u>U.S. Bankruptcy Administrator Fees</u>. Any U.S. Bankruptcy Administrator Fees owed on or before the Effective Date of this Plan will be paid, in full, on the Effective Date.

        ii.  <u>Professional Fees.</u> Any Professional Fees owed on or before the Effective Date of this Plan will be paid, in full, within thirty (30) days of the Effective Date.

        iii.  <u>Post-Petition Tax Claims.</u> Each holder of an allowed post-petition tax claim entitled to priority as an administrative expense under Sections 503(b) and 507(a)(2) of the Code will be paid, in full, with interest at the applicable rate determined in accordance with § 511 of the Code, within thirty (30) days of the Effective Date, unless such claim is disputed and objected to by the Debtor within thirty (30) days of the Effective Date, in which case the holder will be paid within thirty (30) days of the date on which such claim is allowed by a final, non-appealable order.

        iv.  <u>Other Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under Section 503(b) of the Code will be paid, in full, without interest, within thirty (30) days of the Effective Date, unless such claim is disputed and objected to by the Debtor within thirty (30) days of the Effective Date, in which case the holder will be paid within thirty (30) days of the date on which such claim is allowed by a final, non-appealable order.

    b.  <u>Priority Tax Claims</u>. Each holder of a pre-petition priority tax claim under Section 507(a)(8) of the Code will be paid in full, the total value of the amount of the allowed priority tax claim with interest at the applicable rate determined in

Case 18-50316   Doc 171   Filed 10/17/19   Entered 10/17/19 15:59:56   Desc Main
Document   Page 3 of 12

*In re Johnny Wilson Hayes and Selena Martin Hayes*
WDNC Chapter 11 Bankruptcy Case No. 18-50316
First Amended Plan of Reorganization, Page 3 of 11

accordance with § 511 of the Code. The Debtor will pay the allowed pre-petition priority tax claims as follows:

    i.    Caldwell County Tax Collector 2014 through 2017 ad valorem taxes (approx. $23,012.63 as of March 6, 2019). Payments of $625.00 per month commencing on the 15th day of the 1st month following the Effective Date and continuing until the earlier of (a) paid in full (approximately 39 months), or (b) the 60th month following the Petition Date, at which time any remaining balance will be paid in full.

    ii.    The Debtor is not aware of any other party holding a pre-petition priority tax claims.

B.    <u>Classified Claims</u>. The Debtor has classified claims/interests into six (6) classes which will receive distribution as follows:

1.01    <u>Class 1</u>. The secured claim of Pinnacle Bank ("Pinnacle")(Loan # xx5302).

    a.    <u>Treatment</u>. The Debtor will pay Pinnacle monthly principal and interest payments in accordance with that certain Promissory Note dated January 1, 2012 in the original amount of $372,000.00. Pinnacle with retain its lien on the Debtor's residence and all rights and remedies allowed in the Deed of Trust.

    b.    <u>Impairment</u>. Class 1 in not impaired by the Plan.

    c.    <u>Voting</u>. Class 1 is not entitled to vote for acceptance/rejection of the Plan.

1.02    <u>Class 2</u>. The secured claim of Pinnacle (Loan # xx3675).

    a.    <u>Treatment</u>. The Debtor will pay Pinnacle its balance due as of the Effective Date, with interest at the fixed rate of 6.0% per annum, in fifty-nine (59) monthly principal and interest payments of $580.00 each, followed by one final payment of the remaining principal and interest due, with the first of such payments to be due on the Effective Date and which payment shall be late if not received by the 15th day following the date due. Pinnacle with retain its lien on the Debtor's residence and all rights and remedies allowed in the Deed of Trust.

Case 18-50316   Doc 171   Filed 10/17/19   Entered 10/17/19 15:59:56   Desc Main
Document      Page 4 of 12

*In re Johnny Wilson Hayes and Selena Martin Hayes*
WDNC Chapter 11 Bankruptcy Case No. 18-50316
First Amended Plan of Reorganization, Page 4 of 11

      b.    <u>Impairment</u>. Class 2 is impaired by the Plan.

      c.    <u>Voting</u>. Class 2 is entitled to vote for acceptance/rejection of the Plan.

1.03   <u>Class 3</u>. The secured claims of Branch Banking & Trust ("BB&T") (Loan #s xx5501 and xx5502).

      a.    <u>Treatment</u>. The Class 3 claims will be paid directly by the primary obligor (Caldwell Discount Drug). The Class 3 claims will not receive any distribution under the Plan. BB&T with retain its lien on the Debtor's residence and all rights and remedies allowed in the Deed of Trust.

      b.    <u>Impairment</u>. Class 3 is impaired by the Plan.

      c.    <u>Voting</u>. Class 3 is entitled to vote for acceptance/rejection of the Plan.

1.04   <u>Class 4</u>. The secured claim of Freedom Road Financial ("Freedom") (Loan No. xx6093).

      a.    <u>Treatment</u>. The Debtor will surrender the collateral securing the Class 4 claim (a 2016 KTM 300 XCW) in full satisfaction of the Class 4 claim. The Class 4 claim will not receive any distribution under the Plan. Freedom with retain its lien on the collateral and all rights and remedies allowed in the Security Agreement.

      b.    <u>Impairment</u>. Class 4 is impaired by the Plan.

      c.    <u>Voting</u>. Class 4 is entitled to vote for acceptance/rejection of the Plan.

1.05   <u>Class 5</u>. The secured claim of Ally Financial ("Ally") (Loan # xx7311).

      a.    <u>Treatment</u>. The Debtor will pay the Class 5 claim, in full, with accrued interest, if any, at the contract rate, on or before the Effective Date. Upon payment of the Class 5 claim, Ally shall remit title to the 2011 GMC Yukon to the Debtor, with lien duly released, within thirty (30) days of payment.

      b.    <u>Impairment</u>. Class 5 is impaired by the Plan.

      c.    <u>Voting</u>. Class 5 is entitled to vote for acceptance/rejection of the Plan.

1.06   <u>Class 6</u>. All Other Claims / General Unsecured Claims.

      a.    <u>Treatment</u>. All other claims existing in the Debtor's case are general unsecured claims. These claims consist of personal debts, such as credit cards and personal loans, deficiency claims, and debts of other entities personally guaranteed by the Debtor. Some of these claims may have property securing the debt pledged by other

Case 18-50316   Doc 171   Filed 10/17/19   Entered 10/17/19 15:59:56   Desc Main
Document      Page 5 of 12

*In re Johnny Wilson Hayes and Selena Martin Hayes*
WDNC Chapter 11 Bankruptcy Case No. 18-50316
First Amended Plan of Reorganization, Page 5 of 11

entities, but are not secured by any property owned by the Debtor. A list of the Class 6 Claims, whether by proof of claims filed or deemed filed, is attached as ***Schedule 1.06***. The Class 6 Claims will receive a distribution in the total sum of **$51,250.00** (the "Class 6 Sum"), in the aggregate, divided in a pro-rata basis among all Class 6 Claim members. Payments of the Class 6 Sum will be made by quarterly payments as follows:

a.   Thirteen (13) quarterly payments of $1,875.00, followed by:

b.   Six (6) quarterly payments of $4,000.00, followed by:

c.   One (1) final payment of $2,875.00 in the 60th month after the Effective Date.

The foregoing payments shall commence on the 15th day of the 3rd month following the Effective Date and shall continue on the 15th day of each third month thereafter until paid in full. The Debtor reserve the right to pay the Class 6 Sum in larger or more frequent payments and to incur post-petition financing with which to pay the Class 6 Sum in advance.

b.   <u>Impairment</u>. Class 6 is impaired by the Plan.

c.   <u>Voting</u>. Class 6 is entitled to vote for acceptance/rejection of the Plan.

## II. ALLOWANCE AND DISALLOWANCE OF CLAIMS

2.01   <u>Allowance of Claims</u>. Claims will be allowed or disallowed in accordance with §§ 502, 503, 505 and 506 of the Code.

2.02   <u>Disputed Claims</u>. A disputed claim is a claim that not been allowed or disallowed by a final non-appealable order of the Court and as to which either (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection to such proof of claim; or (ii) no proof of claim has been filed and the Debtor has scheduled the claim as disputed, contingent, or unliquidated. Additionally, potential claims that the Debtor has scheduled without listing an amount owed or listing the amount as unknown shall be deemed to be disputed by the Debtor unless and until (i) a proof of claim is filed by the scheduled claimant and (ii) the Debtor or another party in interest does not further object to the filed proof of claim as set forth herein. No

Case 18-50316   Doc 171   Filed 10/17/19   Entered 10/17/19 15:59:56   Desc Main
Document    Page 6 of 12

*In re Johnny Wilson Hayes and Selena Martin Hayes*
WDNC Chapter 11 Bankruptcy Case No. 18-50316
First Amended Plan of Reorganization, Page 6 of 11

2.03   Determination of Allowed Status.  The Debtor will review all claims filed or deemed to be filed and schedule hearing on the allowance or disallowance of such claims within sixty (60) days of the Effective Date or the Claims Bar Date, whichever is later.

2.04   Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

2.05   Court Approvals.  Any payment made or to be made by the Debtor for services or costs and expenses in or in connection with the case, or in connection with the Plan and incident to the case is subject to the approval of the Court as reasonable.

## III. PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

3.01   Assumed Leases and Executory Contracts.  The Debtor assumes the following unexpired leases and/or executory contracts effective upon the date of the entry of the order confirming this Plan:

    a.   NONE.

3.02   Rejected Leases and Executory Contracts.  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under Section 3.01 above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan.  A proof of claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## IV. MEANS FOR PERFORMING THE PLAN

The Debtor will retain all the property of the estate for use in connection with operation of its business and performance under this Plan. The funds necessary for the payment of claims, as proposed in the Plan will be generated from the continued post-petition employment and such post-petition financing as the Debtor may be able to obtain.

Case 18-50316    Doc 171    Filed 10/17/19    Entered 10/17/19 15:59:56    Desc Main
Document    Page 7 of 12

*In re Johnny Wilson Hayes and Selena Martin Hayes*
WDNC Chapter 11 Bankruptcy Case No. 18-50316
First Amended Plan of Reorganization, Page 7 of 11

## V. GENERAL PROVISIONS

5.01    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

5.02    Effective Date.  The Effective Date of the Plan is the 15th day of the 1st month following the date of the entry of the order of confirmation.  Provided, however, (i) if the 15th day shall fall on a Saturday, Sunday or holiday on which banking institutions are closed, the Effective Date will be the first business day following that is neither a Saturday, Sunday or holiday; and (ii) if a stay of the confirmation order is in effect on that date, the Effective Date will be the first business day after that date on which no stay of the confirmation order is in effect, provided further that the confirmation order has not been vacated.

5.03    Claims Bar Date.  The Claims Bar Date shall mean the last day on which a creditor or other party in interest may timely file a proof of claim as allowed under the Code, the Rules, and as set forth in the Section 341 Notice, which was January 20, 2019.  Provided, however, if the Claims Bar Date is extended such date as extended shall be the Claims Bar Date as defined herein.

5.04    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

5.05    Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

5.06    Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

5.07    Controlling Effect.  Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of North Carolina govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

Case 18-50316    Doc 171    Filed 10/17/19    Entered 10/17/19 15:59:56    Desc Main
Document    Page 8 of 12

*In re Johnny Wilson Hayes and Selena Martin Hayes*
WDNC Chapter 11 Bankruptcy Case No. 18-50316
First Amended Plan of Reorganization, Page 8 of 11

## VI. DISCHARGE

On the date of confirmation of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt:

(i) imposed by this Plan;

(ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or

(iii) of a kind specified in § 1141(d)(6)(B).

## VII. CASE CLOSURE AND EXIT TIMING

Upon "substantial consummation" of this Plan and upon the filing of the Debtor's Final Report and Accounting, the Debtor may apply to the Court for entry of an Order pursuant to § 350(a) closing its Chapter 11 case. The term "substantial consummation" as defined in § 1101(2) of the Code, as it relates to this case shall be the commencement of payments on those claims described in Article I, Paragraph A., Section b, and Classes 1 through 6 of Article II. The Debtor anticipates that this Plan will be "substantially consummated" not more than 30 days following the Effective Date. Unless the discharge order shall have been previously entered in accordance with Section 1141(d)(5), upon completion of the payments as required by the Plan the Debtor may file such motions to reopen this case for the entry of the discharge order. The Debtor request that there be no fee required of the Debtor to reopen the case for the entry of the discharge order.

## VIII. RETENTION OF JURISDICTION

The Court shall retain jurisdiction after confirmation of the Plan: (a) to consider (and reconsider if appropriate) claims and objections thereto; (b) to fix expenses and administration and compensation therefore; (c) to hear and determine any dispute arising under or relating to the Plan or arising under or relating to this Chapter 11 reorganization case; (d) to enforce all discharge provisions of the Plan; and (e) to make such orders and directions pursuant to the Bankruptcy Code, 11 U.S.C. §§ 1127 and 1142, as may be necessary or appropriate.

Case 18-50316   Doc 171   Filed 10/17/19   Entered 10/17/19 15:59:56   Desc Main
Document   Page 9 of 12

*In re Johnny Wilson Hayes and Selena Martin Hayes*
WDNC Chapter 11 Bankruptcy Case No. 18-50316
First Amended Plan of Reorganization, Page 9 of 11

Respectfully submitted this the 17th day of October, 2019.

/s/ Johnny Wilson Hayes

/s/ Selena Martin Hayes

YOUNG, MORPHIS, BACH & TAYLOR, LLP

/s/ Jimmy R. Summerlin, Jr.
Jimmy R. Summerlin, Jr.
N.C. State Bar No. 31819
P.O. Drawer 2428
Hickory, NC 28603
Telephone: 828-322-4663
Facsimile: 828-324-2431
Attorney for the Debtors

YMBT 251026.1

Case 18-50316   Doc 171   Filed 10/17/19   Entered 10/17/19 15:59:56   Desc Main
Document    Page 10 of 12

*In re Johnny Wilson Hayes and Selena Martin Hayes*
WDNC Chapter 11 Bankruptcy Case No. 18-50316
First Amended Plan of Reorganization, Page 10 of 11

# CLAIMS PAYMENT SUMMARY
## TO TAXES AND GENERAL UNSECURED DEBTS

| Date | Tax Payment | General Unsecured Payment |
|---|---|---|
| Effective Date (ED)[1] | $0.00 | $0.00 |
| 15th day of 1st month after ED | $625.00 | $0.00 |
| 2nd month | $625.00 | $0.00 |
| 3rd month | $625.00 | $1,875.00 |
| 4th month | $625.00 | $0.00 |
| 5th month | $625.00 | $0.00 |
| 6th month | $625.00 | $1,875.00 |
| 7th month | $625.00 | $0.00 |
| 8th month | $625.00 | $0.00 |
| 9th month | $625.00 | $1,875.00 |
| 10th month | $625.00 | $0.00 |
| 11th month | $625.00 | $0.00 |
| 12th month | $625.00 | $1,875.00 |
| 13th month | $625.00 | $0.00 |
| 14th month | $625.00 | $0.00 |
| 15th month | $625.00 | $1,875.00 |
| 16th month | $625.00 | $0.00 |
| 17th month | $625.00 | $0.00 |
| 18th month | $625.00 | $1,875.00 |
| 19th month | $625.00 | $0.00 |
| 20th month | $625.00 | $0.00 |
| 21st month | $625.00 | $1,875.00 |
| 22nd month | $625.00 | $0.00 |
| 23rd month | $625.00 | $0.00 |
| 24th month | $625.00 | $1,875.00 |
| 25th month | $625.00 | $0.00 |
| 26th month | $625.00 | $0.00 |
| 27th month | $625.00 | $1,875.00 |
| 28th month | $625.00 | $0.00 |
| 29th month | $625.00 | $0.00 |
| 30th month | $625.00 | $1,875.00 |
| 31st month | $625.00 | $0.00 |
| 32nd month | $625.00 | $0.00 |
| 33rd month | $625.00 | $1,875.00 |
| 34th month | $625.00 | $0.00 |
| 35th month | $625.00 | $0.00 |
| 36th month | $625.00 | $1,875.00 |

---

[1] See Section 5.02 for definition of the Effective Date.

Case 18-50316   Doc 171   Filed 10/17/19   Entered 10/17/19 15:59:56   Desc Main
Document      Page 11 of 12

*In re Johnny Wilson Hayes and Selena Martin Hayes*
WDNC Chapter 11 Bankruptcy Case No. 18-50316
First Amended Plan of Reorganization, Page 11 of 11

| | | |
|---|---:|---:|
| 37th month | $625.00 | $0.00 |
| 38th month | $625.00 | $0.00 |
| 39th month | $625.00 | $1,875.00 |
| 40th month | $0.00 | $0.00 |
| 41st month | $0.00 | $0.00 |
| 42nd month | $0.00 | $4,000.00 |
| 43rd month | $0.00 | $0.00 |
| 44th month | $0.00 | $0.00 |
| 45th month | $0.00 | $4,000.00 |
| 46th month | $0.00 | $0.00 |
| 47th month | $0.00 | $0.00 |
| 48th month | $0.00 | $4,000.00 |
| 49th month | $0.00 | $0.00 |
| 50th month | $0.00 | $0.00 |
| 51st month | $0.00 | $4,000.00 |
| 52nd month | $0.00 | $0.00 |
| 53rd month | $0.00 | $0.00 |
| 54th month | $0.00 | $4,000.00 |
| 55th month | $0.00 | $0.00 |
| 56th month | $0.00 | $0.00 |
| 57th month | $0.00 | $4,000.00 |
| 58th month | $0.00 | $0.00 |
| 59th month | $0.00 | $0.00 |
| 60th month | $0.00 | $2,875.00 |
| **TOTAL** | **$24,375.00** | **$51,250.00** |

**In re Johnny Wilson Hayes and Selena Martin Hayes**  **SCHEDULE 1.06**

Western District of North Carolina Chapter 11 Bankruptcy Case No. 18-50316

Class 6 - General Unsecured Claims

| Claimant | Schedule No. | Claim No. | Claim Type | Claim Amount | Percent of Total | Total Distribution |
|---|---|---|---|---|---|---|
| Ally Bank | 4.1 | 2 | Filed | $21,989.34 | 0.381 | $195.33 |
| Bank of America | 4.3 | 16 | Filed | $4,812.17 | 0.083 | $42.75 |
| Bank of America | 4.2 | 17 | Filed | $27,710.50 | 0.480 | $246.15 |
| BB&T | 4.7 | 4 | Filed | $27,533.33 | 0.477 | $244.57 |
| BB&T | 4.6 | 5 | Filed | $43,093.88 | 0.747 | $382.80 |
| BB&T | 4.5 | 6 | Filed | $629,079.28 | 10.903 | $5,588.00 |
| Capital Bank | 4.8 | 27 | Filed | $302,652.18 | 5.246 | $2,688.40 |
| Capital One Bank | 4.9 | 10 | Filed | $887.03 | 0.015 | $7.88 |
| Cardinal Health | 4.10 | 24 | Filed | $203,210.36 | 3.522 | $1,805.08 |
| Cardinal Health | 4.10 | 25 | Filed | $966,156.93 | 16.746 | $8,582.20 |
| Carolina Farm Credit | 4.11 | 29 | Filed | $395,972.07 | 6.863 | $3,517.35 |
| CHS Blue Ridge | 4.12 | not filed | Schedule F | $3,975.00 | 0.069 | $35.31 |
| Deere & Co. | not scheduled | 32 | Filed | $10,104.49 | 0.175 | $89.76 |
| DirecTV | not scheduled | 19 | Filed | $288.04 | 0.005 | $2.56 |
| DirecTV | not scheduled | 20 | Filed | $216.44 | 0.004 | $1.92 |
| Diversified Consultants | 4.14 | not filed | Schedule F | $216.44 | 0.004 | $1.92 |
| First Arkansas Bank & Trust | 4.15 | not filed | Schedule F | $15,222.06 | 0.264 | $135.21 |
| Hudson Discount Drug | 4.16 | 31 | Filed | $610,759.90 | 10.586 | $5,425.27 |
| Lab Corp | 4.18 | not filed | Schedule F | $72.00 | 0.001 | $0.64 |
| Larry Stigall | 4.17 | 28 | Filed | $824.00 | 0.014 | $7.32 |
| Live Oak Bank | 4.20 | 11 | Filed | $1,336,021.62 | 23.156 | $11,867.64 |
| Live Oak Bank | 4.19 | 12 | Filed | $877,421.99 | 15.208 | $7,793.98 |
| LVNV Funding - Citi | 4.13 | 26 | Filed | $2,921.09 | 0.051 | $25.95 |
| Med Management Techn. | 4.21 | not filed | Schedule F | $3,718.00 | 0.064 | $33.03 |
| Medicredit, Inc. | 4.22 | not filed | Schedule F | $654.00 | 0.011 | $5.81 |
| Pinnacle Bank | not scheduled | 21 | Filed | $218,716.93 | 3.791 | $1,942.82 |
| United Collections Bureau | 4.23 | not filed | Schedule F | $142.57 | 0.002 | $1.27 |
| Universal Charge Accounts | 4.24 | 18 | Filed | $61,194.37 | 1.061 | $543.58 |
| Vanderbloemen & White, PA | 4.25 | 3 | Filed | $721.00 | 0.012 | $6.40 |
| World Omni Financial | not scheduled | 30 | Filed | $3,278.75 | 0.057 | $29.12 |
| | | | **GRAND TOTAL:** | **$5,769,565.76** | **100.000** | **$51,250.00** |

Claim Nos. 1, 7, 8, 9, 13, 14, 15, 22, and 23 are provided for elsewhere in the Plan.